**ORAL ARGUMENT HELD MAY 19, 2026 IN NO. 26-1049**
No. 26-1049 & No. 26-1162 *(pending consolidation)*

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

ANTHROPIC PBC,

*Petitioner*,

*v.*

U.S. DEPARTMENT OF WAR, PETER B. HEGSETH,
in his official capacity as Secretary of War,

*Respondents*.

On Petition for Judicial Review of Department of War 41 U.S.C. § 4713
Covered Procurement Actions

## CONSENT MOTION TO CONSOLIDATE AND FOR SUPPLEMENTAL BRIEFING

MICHAEL J. MONGAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
(628) 235-1000
michael.mongan@wilmerhale.com

EMILY BARNET
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
emily.barnet@wilmerhale.com

KELLY P. DUNBAR
JOSHUA A. GELTZER
KEVIN M. LAMB
ANNEKE DUNBAR-GRONKE
SAMSON F. COHEN
MEGAN O. GARDNER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
kelly.dunbar@wilmerhale.com
joshua.geltzer@wilmerhale.com
kevin.lamb@wilmerhale.com
anneke.dunbar-gronke@wilmerhale.com
samson.cohen@wilmerhale.com
megan.gardner@wilmerhale.com

June 18, 2026

Before this Court in No. 26-1049 is Petitioner Anthropic PBC's petition for review of the Department of War's covered procurement actions against Anthropic under 41 U.S.C. § 4713. *See* Petition for Review, *Anthropic PBC v. U.S. Dep't of War*, No. 26-1049 (D.C. Cir. Mar. 9, 2026), Doc. #2162687 ("March Petition"). Also before this Court in No. 26-1162 is Petitioner Anthropic PBC's protective petition for review of those same covered procurement actions. *See* Protective Petition for Review, *Anthropic PBC v. U.S. Dep't of War*, No. 26-1162 (D.C. Cir. Jun. 17, 2026), Doc. #2179296 ("Protective Petition"). Anthropic respectfully requests that the Court consolidate the two petitions and order supplemental briefing, as outlined below and in the Protective Petition, *see id.* at 7. Counsel for the government consents to this motion.

As explained fully in Anthropic's Protective Petition, after briefing and oral argument in No. 26-1049, the Court directed supplemental briefing regarding the jurisdictional effect and relevance of the "incurably premature doctrine," if any, of Anthropic's April 17, 2026 letter to the Department. *See* Order, No. 26-1049 (May 21, 2026), Doc. #2174506 (per curiam). Immediately prior to the submission of the parties' supplemental briefs, the Department notified Anthropic of its June 3, 2026 "Decision Regarding Reconsideration of Determination." In that June 3 decision, the Secretary of War "reaffirm[ed]" his original § 4713 determination, explaining

1

that "[t]he scope and applicability of the prior [d]etermination remain unchanged and in effect." *See* Protective Petition Addendum 15a.

In simultaneous supplemental briefing, Anthropic argued that the incurably premature doctrine did not apply to 41 U.S.C. § 1327; that any implicit finality requirement was not jurisdictional and forfeited; and that the April 17 letter did not trigger the doctrine. *See* Anthropic Suppl. Br.1, No. 26-1049 (Doc. #2176752). For his part, the Secretary agreed that the incurably premature doctrine was not jurisdictional as applied to Anthropic's March Petition; that the Secretary had not pressed an incurably premature defense; and that the Court should not dismiss as premature the March Petition. *See* Secretary Suppl. Br.1-2, No. 26-1049 (Doc. #2176767).

In addition, consistent with Circuit precedent, Anthropic filed a petition for review—docketed in No. 26-1162 on June 17—as a protective matter to avoid any potential jurisdictional concerns. *See, e.g.*, *Western Union Tel. Co. v. FCC*, 773 F.2d 375, 380 (D.C. Cir. 1985) ("[W]e have repeatedly urged petitioners to [file a later protective petition] in analogous situations."); *see also* Secretary Suppl. Br.12 (suggesting Anthropic could cure any jurisdictional issues "by filing a new petition for review now that the Secretary has denied reconsideration" and that the Court could consolidate a new petition with the March Petition).

Anthropic accordingly requests that the Court consolidate the petitions for review in Nos. 26-1049 and 26-1162. *See* Protective Petition 5. Generally, this Court consolidates "on its own motion or that of the parties … all petitions for review of agency orders entered in the same administrative proceeding." *See* D.C. Cir. Handbook of Practice and Internal Procedures V.A. That result is called for here given that Anthropic filed the Protective Petition to ensure this Court has jurisdiction to review the same § 4713 covered procurement actions challenged in the March Petition.

In addition, in light of the Secretary's June 3 decision, the parties have conferred and agree that supplemental briefing is warranted regarding the effect of the Secretary's June 3 decision, if any, on the merits of the substantive and procedural claims briefed and argued in No. 26-1049. To that end, the parties propose the following agreed-upon supplemental briefing schedule: Anthropic will file an opening supplemental brief not to exceed 2,500 words by July 6, 2026; the Secretary will file a responsive supplemental brief not to exceed 2,500 words by July 24, 2026; and Anthropic will file a supplemental reply brief not to exceed 1,000 words by August 3, 2026.

Counsel for the government consents to/ the relief requested in this motion.

3

Dated:  June 18, 2026

Respectfully submitted.

*/s/ Kelly P. Dunbar*

MICHAEL J. MONGAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
(628) 235-1000
michael.mongan@wilmerhale.com

EMILY BARNET
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
emily.barnet@wilmerhale.com

KELLY P. DUNBAR
JOSHUA A. GELTZER
KEVIN M. LAMB
ANNEKE DUNBAR-GRONKE
SAMSON F. COHEN
MEGAN O. GARDNER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
kelly.dunbar@wilmerhale.com
joshua.geltzer@wilmerhale.com
kevin.lamb@wilmerhale.com
anneke.dunbar-gronke@wilmerhale.com
samson.cohen@wilmerhale.com
megan.gardner@wilmerhale.com

4

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), 27(a)(2)(B), 32(f) and D.C. Cir. R. 32(e)(1), because it contains 646 words according to the count of Microsoft Word for Office. I further certify that the foregoing motion also complies with Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)-(6), because it has been prepared using Microsoft Word for Office in 14-point proportionally spaced Times New Roman typeface.

Dated: June 18, 2026                                    /s/ *Kelly P. Dunbar*
                                                                     KELLY P. DUNBAR

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure and Rule 25 of the Circuit Rules for the United States Court of Appeals for the District of Columbia Circuit, I hereby certify that I filed the foregoing document with the Court's CM/ECF system on June 18, 2026, and that all parties or their counsel of record are registered as ECF Filers and will be served by the CM/ECF system.

/s/ Kelly P. Dunbar
KELLY P. DUNBAR